IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

GEORGE L. FULTON,

         Plaintiff,

     vs.

ROB ROBINSON, individually;
BILL BURGESS, Marion County Clerk;
MARION COUNTY, OREGON; THE
STATE OF OREGON; and The Office of
THE OREGON SECRETARY OF
STATE,

        Defendants.

Case No. 6:15-cv-02347-AA
OPINION AND ORDER

---

George L. Fulton
6120 Lone Oak Rd. S.E.
Salem, OR 97306
     Pro Se Plaintiff

Alexander Stevko
United States Department of Justice
Tax Division
P.O. Box 683
Ben Franklin Station
Washington, DC 20044

Page 1 - OPINION AND ORDER

Noah D. Olson
Marion County Office of Legal Counsel
P.O. Box 14500
Salem, OR 97309

Jessica B. Spooner
Oregon Department of Justice
1162 Court St. N.E.
Salem, OR 97301
        Attorneys for defendants

AIKEN, Judge:

Pro se plaintiff George L. Fulton filed this action in Marion County Circuit Court, alleging

violations of various Oregon criminal statutes. The United States removed the case to federal court

and substituted itself for defendant Ron Robinson ("Robinson"), certifying Robinson's allegedly

wrongful actions had been taken in the course of his duties as a revenue officer for the Internal

Revenue Service ("IRS"). The United States, as substituted for Robinson; defendants Marion

County and Bill Burgess, a Marion County clerk (collectively, "County defendants"); and defendants

the Office of the Oregon Secretary of State and the State of Oregon (collectively, "the State") filed

motions to dismiss for lack of subject matter jurisdiction and failure to state a claim.

Plaintiff filed a motion titled "Challenge of Jurisdiction of this Court and Motion for Remand

to the Court of Origin" (doc. 9), asserting the United States had improperly substituted itself for

Robinson and challenging this Court's personal jurisdiction over plaintiff. Plaintiff then, by special

appearance, filed the First Amended Complaint, which replaced the criminal allegations of the initial

complaint with state tort claims: negligence, conversion, intentional infliction of emotional distress,

and civil fraud. Defendants responded with a fresh round of motions to dismiss.

Page 2 - OPINION AND ORDER

## BACKGROUND

Plaintiff's complaint centers on a federal tax levy Robinson placed on plaintiff's Social Security wages beginning in 2013. The levy was effected pursuant to 26 U.S.C. § 6331(a). Plaintiff believes he is "not among the classes of persons subject to the levy authority" in that statute and told Robinson as much. First Am. Compl. ¶ 16. Plaintiff further contends he "had no taxable 'wages' and therefore no tax liability for the tax years for which the IRS liens and lev[y] were issued." *Id.* ¶ 32. Plaintiff argues Robinson willfully or recklessly acted beyond the scope of his legal authority when he refused to remove the levy and instead increased it about a year later. *Id.* ¶ 18. Plaintiff alleges the levies caused him to lose his life insurance policies, sent his home into foreclosure, and damaged his earning potential as a securities broker. *Id.* ¶ 19. These allegations form the basis of plaintiff's claims against the United States, as substituted for Robinson, for negligence, conversion, infliction of emotional distress, and civil fraud. Plaintiff also alleges County defendants and the State negligently permitted a series of federal tax lien notices to be filed in "the official county record" between 2011 and 2015. *Id.* ¶¶ 49-53, 60-62. He seeks more than $4.5 million in actual damages, punitive damages, injunctive relief, attorney fees, and costs. *Id.* ¶¶ 65-69.

## DISCUSSION

### I.  *Motion to Remand*

Plaintiff argues remand is required because (1) this court's subject matter jurisdiction is based on the United States improperly substituting itself as a defendant and (2) this Court lacks personal jurisdiction over plaintiff.

This Court lacks jurisdiction to remand on the first ground. The Attorney General certified Robinson's actions were undertaken in the scope of his employment duties. *See* Doc. 1 Ex. 4. That

certification "*conclusively* establish[es] scope of office or employment for purposes of removal."

28 U.S.C. § 2679(d)(2) (emphasis added); *see also Osborn v. Haley*, 549 U.S. 225, 241, 244 (2007)

("Congress gave district courts no authority to return cases to state courts on the ground that the

Attorney General's certification was unwarranted." Rather, section 2679(d)(2) is an "extraordinary"

statute "order[ing] the intercourt shuttle to travel just one way — from state to federal court.").

Accordingly, a party may challenge a section 2679(d)(2) certification for purposes of the United

States' substitution as a defendant, but not for purposes of removal.  *See id.* at 242 ("Section

2679(d)(2) does not preclude a district court from resubstituting the federal official as defendant for

purposes of trial if the court determines, postremoval, that the Attorney General's scope-of-

employment certification was incorrect.").

Nor is remand or dismissal warranted for lack of personal jurisdiction.  Plaintiff lives in

Oregon.  First Am. Compl. ¶ 4.  This court has personal jurisdiction over all residents of Oregon.

*See Ranza v. Nike*, 793 F.3d 1059, 1068 (9th Cir. 2015) ("Oregon law authorizes personal

jurisdiction over defendants to the full extent permitted by the United States Constitution," which

means this Court has jurisdiction over any individual with sufficient "minimum contacts" with

Oregon.); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) ("[G]eneral

personal jurisdiction exists when a [party] is domiciled in a forum state").  Plaintiff's assertions he

is a "non-resident non-person" outside the jurisdiction of the federal courts and "not bound by . . .

federal law", Doc. 23 at 1, do not deprive this Court of personal jurisdiction over him.

II.     *Lack of Subject Matter Jurisdiction*

The United States moves to dismiss all claims against Robinson for lack of subject matter

jurisdiction and for failure to state a claim.  *See* Fed. R. Civ. P. 12(b)(1), (b)(6).  This Court is bound

Page 4 - OPINION AND ORDER

to address the challenge to subject matter jurisdiction first. *See Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy.").

The United States argues there is no subject matter jurisdiction here on the ground of sovereign immunity. "To confer subject matter jurisdiction in an action against a sovereign, in addition to a waiver of sovereign immunity, there must be statutory authority vesting a district court with subject matter jurisdiction." *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007). All plaintiff's claims against the United States are tort claims, which must be brought under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2679(b)(1). The FTCA both effects a limited waiver of sovereign immunity and vests federal courts with subject matter jurisdiction over certain tort claims against the United States. *Id.* § 1346(b)(1); *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000). "However, the FTCA's waiver of immunity is limited by a number of statutory exceptions." *Nurse*, 226 F.3d at 1000. One of those exceptions expressly excludes claims arising from the assessment and collection of taxes. 28 U.S.C. § 2680(c); *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982). Thus, there is no waiver of sovereign immunity and this Court lacks subject matter jurisdiction over the claims against Robinson.

Plaintiff does not respond to the United States' arguments on the merits. Instead, he asserts the United States is "disqualified from substituting itself" for Robinson. Doc. 19 at 2. A suit against the United States is the exclusive remedy for claims of personal injury or property loss resulting from the allegedly negligent or wrongful actions of federal employees taken within the scope of their

employment. 28 U.S.C. § 2679(b)(1). Thus, the United States, and not Robinson, is the proper

defendant here so long as Robinson was acting within the scope of his duties as an IRS employee.

Plaintiff argues substitution is inappropriate because Robinson acted outside the scope of his

employment when he effected the levy. That argument, in turn, depends on plaintiff's assertion

Robinson acted "beyond his legal authority" when he placed the levy on plaintiff's Social Security

wages pursuant to 26 U.S.C. § 6331(a). First Am. Compl. ¶¶ 15-16. Plaintiff asserts he is not

"among the classes of persons" subject to the levy authority described in section 6331(a). *Id.* ¶ 16.

> Section 6331(a) provides, in pertinent part,

> If any person liable to pay any tax neglects or refuses to pay the same within 10 days
> after notice and demand, it shall be lawful for the Secretary to collect such tax . . . by
> levy upon all property . . . belonging to such person or on which there is a lien
> provided in this chapter for the payment of such tax. Levy may be made upon the
> accrued salary or wages of any officer, employee, or elected official, of the United
> States, the District of Columbia, or any agency or instrumentality of the United States
> or the District of Columbia, by serving notice of a levy on the employer . . . of such
> officer, employee, or elected official.

26 U.S.C. § 6331(a). Robinson contends the second sentence of section 6331(a) limits the scope of

the property subject to the government's levy authority. He supports this argument with citations

to historical versions of section 6331(a).

There is no need to address plaintiff's historical argument, because the plain text of section

6331(a) broadly gives the Secretary levy authority with respect to *all* property belonging to *any*

person. *See BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004) (In interpreting a statute,

a federal court's "inquiry begins with the statutory text, and ends there as well if the text is

unambiguous."). Moreover, plaintiff's interpretation of the statute is squarely foreclosed by Ninth

Circuit and Supreme Court precedent. *See Maisano v. Welcher*, 940 F.2d 499, 502 (9th Cir. 1991)

Page 6 - OPINION AND ORDER

(rejecting precisely the argument plaintiff advances here and holding the second sentence "merely clarif[ies] procedures followed in special situations (i.e. attachment of government employees' wages) and do[es] not limit the statute's scope"); *Sims v. United States*, 359 U.S. 108, 112 (1959) (holding section 6331(a) authorizes tax levies on salaries of state employees notwithstanding the statute's failure to mention state employees). Taking the factual allegations in the complaint as true, Robinson's actions were both lawful and undertaken within the scope of his duties, and substitution of the United States was proper.

Finally, plaintiff characterizes the United States' opposition to remand and subsequent challenge to this court's subject matter jurisdiction as a "ploy" designed to deprive him of the right to "redress [his] grievances." Doc. 23 at 2. Plaintiff conflates personal jurisdiction and subject matter jurisdiction. This court has *personal* jurisdiction over plaintiff because he is domiciled in Oregon; the Oregon state court had *personal* jurisdiction over him for the same reason. But this court lacks *subject matter* jurisdiction over the claims against the substituted United States for the reasons explained above. The Oregon state courts would lack *subject matter* jurisdiction over the claims against the United States for the same reason.

All claims against the United States, as substituted for Robinson, are dismissed with prejudice for lack of subject matter jurisdiction.

III.    *Failure to State a Claim*

Remaining are the negligence claims against County defendants and the State. Even though the claims against the United States are dismissed, this Court exercises its discretion to consider the merits of these supplemental state law claims. 28 U.S.C. §§ 1367(a), (c)(3).

Page 7 - OPINION AND ORDER

Where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). Under Fed. R. Civ. P. 12(b)(6), a complaint is construed in favor of the plaintiff, and its factual allegations are taken as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). "[G]enerally the scope of review on a motion to dismiss for failure to state a claim is limited to the [c]omplaint[.]" *Daniels-Hall*, 629 F.3d at 998.

The complaint alleges County defendants negligently allowed five federal tax lien notices to be filed into official county records, even though those notices lacked a certification purportedly required under Oregon law. The notices were filed between October 2011 and March 2015. First. Am. Compl. ¶¶ 49-53. The allegations against the State are similar, but only relate to the three notices filed between October 2011 and May 2012. *Id.* ¶¶ 60-62.

Plaintiff's remaining claims must be dismissed for two reasons. First, plaintiff failed to allege he gave notice of tort claims, as required by the Oregon Tort Claims Act ("OTCA"). *See Brinkley v. Or. Health Scis. Univ.*, 766 P.2d 1045, 1049 (Or. Ct. App. 1988) ("Pleading and proof of notice . . . are a mandatory requirement" under the OTCA.). Plaintiff's claims against County

Page 8 - OPINION AND ORDER

defendants and the State are both subject to this requirement.  *See* Or. Rev. Stat. § 30.275(1) (requiring notice of claim for any "action arising from any act or omission of a public body or an officer, employee, or agent of a public body").

Second, plaintiff failed to show the filed notices were deficient under state law.  He asserts they lacked the certification required by Or. Rev. Stat. § 87.811.  However, the federal statute governing these notices does not require certification pursuant to section 87.811 and provides notices compliant with the federal requirements "shall be valid notwithstanding any other provision of law regarding the form or content of a notice of lien." 26 U.S.C. § 6323(f)(3).  This federal provision overrides Oregon's state law requirements. *See Ridenbaugh v. Long*, 246 F. Supp. 2d 849, 854 (S.D. Ohio 2002).

With respect to whether the notices violated state law, the deficiencies in plaintiff's claims against County defendants and the State could not be cured by amendment.  Accordingly, the remaining claims are also dismissed with prejudice. *See Roth v. Garcia Marquez*, 942 F.2d 617, 628-29 (9th Cir. 1991) ("[F]utile amendments should not be permitted.").

## CONCLUSION

Plaintiff's Motion to Remand (doc. 9) is DENIED. Defendants' Motions to Dismiss the First Amended Complaint (docs. 14, 15, and 13) are GRANTED. Defendant's initial Motions to Dismiss (docs. 4, 6, and 7) are DENIED as moot.  This case is DISMISSED with prejudice.

Dated this 21 day of April 2016.

Ann Aiken
United States District Judge